**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSE ZUNIGA,

                Petitioner - Appellant,

  v.

TOM FELKER, Warden,

                Respondent - Appellee.

No. 09-17812

D.C. No. 4:07-cv-04319-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted November 17, 2011[**]
San Francisco, California

Before: HAWKINS, McKEOWN, and M. SMITH, Circuit Judges.

Petitioner-Appellant Jesse Zuniga appeals the district court's denial of his

petition for habeas corpus pursuant to 28 U.S.C. § 2254. As the facts and

procedural history are familiar to the parties, we do not recite them here except as

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

necessary to explain our disposition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

Zuniga contends that the trial court violated his Sixth Amendment Confrontation Clause rights by admitting the clerk's records of his co-defendants' guilty pleas into evidence. The Confrontation Clause prohibits the admission of "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). The "core class" of testimonial statements includes affidavits or declarations "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.* at 51-52. This is because such testimonial evidence is "functionally identical to live, in-court testimony." *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2532 (2009). Business and public records are generally nontestimonial because they were created for the internal administration of the entity rather than for trial evidentiary purposes. *Id.* at 2539-40; *see, e.g.*, *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (holding that records of a criminal defendant's previous convictions in state court are nontestimonial).

We agree with the district court's conclusion that this precedent forecloses Zuniga's Confrontation Clause claim.  The clerk's minutes were public records that were created to document routine court activity, not for the purpose of being introduced at Zuniga's trial.  The minutes do not describe the factual basis for the plea, serve no prosecutorial function, and do not explicitly implicate Zuniga. Thus, the clerk's minutes were nontestimonial. Moreover, Zuniga failed to cite any case law that would lead to the conclusion that admission of the clerk's minutes "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"  28 U.S.C. § 2254(d), the standard by which we must review this petition.

We decline to address Zuniga's uncertified arguments regarding sufficiency of the evidence.  Zuniga has not made a "'substantial showing of the denial of a constitutional right'" sufficient to expand the certificate of appealability.  *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (quoting 28 U.S.C. § 2253(c)(2)).

**AFFIRMED.**

3